IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Larry G. Conn,

    Plaintiff,

v.

Reginal Wilkinson, *et al.*,

    Defendants.

Case No. 2:05cv699

Judge Michael H. Watson

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. §1983 in which plaintiff, an inmate at North Central Correctional Institution in Marion, Ohio, alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. On August 8, 2006, the United States Magistrate Judge issued a *Report and Recommendation* recommending that plaintiff's motion for default judgment against defendants King, Sayers and Rosieo be denied and that the motions to dismiss be granted with the exception of the claim against defendant Hartford based on Grievance No. 12-04-004. This matter is before the Court on *Defendant Hartford's Objection to the Magistrate Judge's Report and Recommendation, Filed August 8, 2006* ("*Defendant Hartford's Objections*"), Doc. No. 34, and on *Plaintiff's Response to Court's Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 38. For the reasons that follow, *Defendant Hartford's Objections* and *Plaintiff's Objections* are both **OVERRULED** and the *Report and Recommendation*, Doc. No. 33, is hereby **ADOPTED AND AFFIRMED**.

I    **BACKGROUND**

On May 24, 2004, plaintiff underwent a right hip replacement surgery. *Complaint* ¶ 10. On June 12, 2004, plaintiff fell in the prison shower and on June 16, 2004, underwent hip revision surgery on his right hip. *Id.* ¶¶ 10, 17, 23, 25. On July 19, 2005, plaintiff initiated this action alleging violations of his constitutional rights based on defendants' alleged deliberate indifference to his serious medical needs. Doc. Nos. 1, 3.

On September 14, 2005, defendants Wilkinson, Vansky, Hartford and Yoder filed *Defendants' Motion to Dismiss*. Doc. No. 11, and on November 4, 2005, defendant Sayers filed *Defendant Sayers' Motion to Dismiss*, Doc. No. 19. On March 31, 2006, plaintiff filed *Plaintiff's Motion for Default Judgment Against Defendants King, Sayers and Rosieo*, Doc. No. 28, and on April 18, 2006, defendants King and Rosieo filed *Defendants King and Rosieo's Motion to Dismiss*, Doc. No. 30.

On August 8, 2006, United States Magistrate Judge recommended that *Plaintiff's Motion for Default Judgment Against Defendants King, Sayers and Rosieo* be denied, that *Defendants King and Rosieo's Motion to Dismiss* and *Defendant Sayer's Motion to Dismiss* be denied as moot and that *Defendants' Motion to Dismiss* be denied as it relates to plaintiff's claims against defendant Hartford based on Grievance Number 12-04-004 and granted with regard to all other claims and defendants. Consequently, based on the magistrate judge's recommendations, only plaintiff's claim against defendant Hartford based on Grievance Number 12-04-004 may proceed in this action.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. 636(b)(1), this Court must conduct a *de novo* review of the *Report and Recommendation*. *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) ("'dispositive motions . . . are governed by the *de novo* standard").

## III. ANALYSIS

### A. Defendant Hartford's Objections

Plaintiff alleges that defendant Hartford was deliberately indifferent to plaintiff's serious medical needs in violation of plaintiff's constitutional rights. Specifically, plaintiff alleges that defendant Hartford denied him a medically necessary, and physician-ordered, egg-crate mattress and a remote control for his television. *Exhibit S* attached to *Complaint*. Plaintiff alleges that defendant Hartford's denial of these items caused plaintiff severe, and unnecessary, pain following his two recent hip surgeries. *Id.*

In the *Report and Recommendation*, Magistrate Judge concluded that plaintiff had successfully exhausted available administrative remedies related to his claim against defendant Hartford, *i.e.*, Grievance Number 12-04-004, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2004), and that, construing the *Complaint* in the light most favorable to plaintiff and accepting as true all well-pleaded facts, *see Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), it did not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim against defendant Hartford which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *Report and Recommendation* at 12-14.

Defendant Hartford objects to the magistrate judge's recommendation, arguing that plaintiff's claims against him cannot survive his motion to dismiss because plaintiff failed to exhaust administrative remedies available to him and because plaintiff fails to state a claim for deliberate indifference to his serious medical needs. This Court disagrees.

First, defendant Hartford raises no argument related to plaintiff's deliberate indifference claim that was not raised before Magistrate Judge and this Court agrees with the magistrate judge's analysis of that claim. *Defendant's Objections* at 3-4. Second, with regard to exhaustion of Grievance Number 12-04-004, the *Report and Recommendation* set forth the following facts:

> Plaintiff alleges that he complained to a doctor at NCCI and to NCCI's Disability Coordinator, defendant Steven Hartford, in approximately September or October 2004, that he needed an egg crate mattress and a remote control for his television. *Complaint* ¶ 35. The NCCI doctor ordered an additional mattress for plaintiff, so that he would have two mattresses on his bed; however, the mattress was taken from him the following day by NCCI personnel because it was considered a security risk. *Id.* ¶ 37. On October 28, 2004, defendant Hartford denied plaintiff's request for a remote control. *Id.* ¶ 43 and *Exhibit A*.
>
> On November 10, 2004, plaintiff filed an *Informal Complaint*, in which he complained that defendant Hartford denied his request for an egg crate mattress and remote control for his television. *Exhibits G, F*. The *Informal Complaint* was denied. *Exhibit G*.
>
> On November 24, 2004, plaintiff requested a notification of grievance form and, on December 3, 2004, plaintiff filed the *Notification of Grievance* regarding Hartford's denial of the mattress and remote. *Exhibit K*. On December 6, 2004, the *Notification of Grievance* was denied. *Exhibit L*.
>
> On December 9, 14 and 22, 2004, plaintiff made written requests for a grievance appeal form in accordance with Ohio Administrative Code §5120-9-31(J)(3). *Exhibits N, O, Q*. Plaintiff received the grievance appeal form and, on January 22, 2005, plaintiff filed the *Appeal to Chief Inspector*. *Exhibit S*. The *Appeal to Chief Inspector* is stamped by the

> Chief Inspector's office as received on January 25, 2005. *Id.* Plaintiff alleges, and defendants do not dispute, that no decision was issued on this appeal.

*Report and Recommendation* at 12-13. Based on these facts, the magistrate judge concluded:

> It appears that the Chief Inspector failed to issue a decision on Grievance Number 12-04-004. It is undisputed that the Chief Inspector's office received the appeal on January 25, 2004. *Exhibit S.* The Chief Inspector's decision should have been issued within 30 days of the filing of the appeal, *i.e.*, by February 24, 2004, unless the Chief extended "the time in which to respond for good cause, with notice to the inmate." Ohio Admin. Code § 5120-9-31(J)(3). That did not happen in this case.
>
> The United States Court of Appeals for the Sixth Circuit has held that a prisoner's available "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). Here, defendants failed to timely respond to the *Appeal to the Chief Inspector* in Grievance Number 12-04-004. Thus, plaintiff has demonstrated exhaustion of Grievance Number 12-04-004, wherein he complains that defendant Hartford was deliberately indifferent to his serious medical conditions when he denied plaintiff use of a television remote control and an egg crate mattress.

*Id.* at 13-14.

Defendant Hartford now claims that plaintiff's appeal to the Chief Inspector was not timely and that the Chief Inspector did in fact respond to plaintiff's appeal.

With regard to plaintiff's appeal to the Chief Inspector, this Court agrees with Magistrate Judge's conclusion that the appeal was timely. Pursuant to the Ohio Administrative Code §5120-9-31(J)(3), plaintiff requested an appeal form three days from the date he received the disposition of the grievance and made two subsequent requests, on December 14 and 22, all to no avail. *Exhibits N, O, Q* attached to *Complaint*. Plaintiff received the appeal form on approximately January 22, 2005, and

filed the *Appeal to the Chief Inspector* on January 25, 2005. *Complaint* ¶ 61. Defendant Hartford makes no argument related to the date that plaintiff received the appeal form but, instead, argues only that plaintiff was required to file the appeal within fourteen days of the date he received the *Disposition of Grievance*. Plaintiff, however, cannot be required to complete a procedure before he is supplied with the required form to start the procedure. *See Brock v. Kenton County*, 93 Fed. Appx. 793, 798 (6th Cir. 2004) (once the prisoner "makes some affirmative efforts to comply with the administrative procedure. . . . [t]he procedure becomes 'unavailable' because prison officials have somehow thwarted the inmate's attempts at exhaustion"); *see also Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003)(the prisoner lacked available administrative remedy for exhaustion purposes where the prisoner was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms). It is undisputed that plaintiff requested–but was not provided–an appeal form until January 22, 2005. Three days later, plaintiff filed the *Appeal to the Chief Inspector*. Until January 22, 2005, under these circumstances, there was no remedy available to plaintiff.

Moreover, defendant Hartford argues that the magistrate judge's finding that the Chief Inspector did not respond to plaintiff's appeal is incorrect. *Exhibit A attached to Defendant's Objections*. The document submitted by defendant Hartford shows that, on April 14, 2004, the Chief Inspector did in fact respond to Grievance Number 12-04-004, indicating that the grievance had been denied as untimely. *Id.* Defendants contend that, because the grievance was ultimately denied as untimely, plaintiff failed to exhaust the available administrative remedies and that Magistrate Judge's reliance on *Boyd v. Corr. Corp. of Am., supra*, to conclude that Grievance Number12-04-004 had

been exhausted based on the Chief's failure to respond the grievance was in error. *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004).

However, for the reasons noted *supra*, Grievance Number 12-04-004 was not untimely. Moreover, the Chief Inspector's characterization of that grievance as untimely does nothing to change the magistrate judge's conclusion that plaintiff properly exhausted his available administrative remedies with respect to this claim.

Defendant Hartford has now provided a response to plaintiff's grievance, issued on April 14, 2004, *i.e.,* nearly two months late. Defendant Hartford does not argue that the Chief Inspector extended the time by which a response was due. Consequently, the magistrate judge correctly relied on *Boyd v. Corr. Corp. of Am., supra*, to conclude that Grievance Number 12-04-004 was exhausted based on the Chief's failure to timely respond the grievance. *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) ("Following the lead of the four other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.").

Accordingly, *Defendant Hartford's Objections* are without merit.

### B. Plaintiff's Objections

Plaintiff objects to the magistrate judge's recommendation that his claims against defendants Yoder and Sayers and his claims based on Grievance Numbers 06-05-006 and 05-05-004 be dismissed and her recommendation that *Plaintiff's Motion for Default Judgment Against Defendants King, Sayers and Rosieo* be denied.

### 1. Plaintiff's claims against defendants Yoder and Sayers.

Magistrate Judge recommended that plaintiff's claims against defendants Yoder and Sayers be dismissed based on her conclusion that plaintiff failed to exhaust available administrative remedies with respect to these claims. *Report and Recommendation* at 9. Indeed, the magistrate judge concluded that plaintiff failed to even initiate a grievance against defendants Yoder and Sayers. *Id.* In *Plaintiff's Objections*, he argues that the magistrate judge is mistaken and that paragraphs 61 through 70 of the *Complaint* "clearly" show that plaintiff did initiate grievances against these two defendants. This Court has reviewed the *Complaint* and disagrees.

Paragraph 61 of the Complaint alleges that plaintiff filed an appeal to the Chief Inspector on January 22, 2005, and cites to *Exhibit S*, alleging that the appeal included "all issues as denied by, including but not limited to, Defendant Steven Hartford, Larry Yoder and Mrs. Rosieo." *Exhibit S* is the *Appeal to the Chief Inspector* of Grievance Number 12-04-004, discussed *supra*. That appeal nowhere even mentions defendants Yoder or Sayers. Indeed, the only defendant mentioned in the appeal is defendant Hartford. However, even if plaintiff intended Grievance Number 12-04-004 to include his claims against defendants Yoder and Sayers, plaintiff nevertheless failed in his effort to exhaust his claims against these two defendants. Defendants Yoder and Sayers are institutional inspectors and, as such, Ohio Administrative Code § 5120-9-31(L) requires that any grievance against them be filed directly to the Chief Inspector – not pursued through the three-step grievance process through which Grievance Number 12-04-004 traveled. *See Report and Recommendation* at 12-14 (discussing Grievance Number 12-04-004 and its procedural history).

Plaintiff did not properly exhaust his claims against defendants Yoder and Sayers, and his objection to Magistrate Judge's recommendation that these claims be dismissed is not well-taken.

### 2. Plaintiff's claims based on Grievance Numbers 06-05-006 and 05-05-004.

Magistrate Judge recommended that plaintiff's claims against defendants Vansky, King and Sayers, as reflected in Grievance Numbers 06-05-006 and 05-05-004, be dismissed for failure to exhaust available administrative remedies. *Report and Recommendation* at 9-11. In *Plaintiff's Objections*, plaintiff argues that he "clearly made known his complaints to all defendants and has tried to comply with all PLRA procedures." *Plaintiff's Objections* at 1. Plaintiff's equitable argument, however, cannot prevail. As the magistrate judge correctly concluded, *Woodford v. Ngo*, dictates dismissal of plaintiff's claims based on Grievance Numbers 05-05-004 and 06-05-006 because these grievances were not timely filed. *Woodford v. Ngo supra,* __ U.S. __, 126 S. Ct. 2378, 2382 (June 22, 2006) (exhaustion is not satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). Plaintiff's efforts to comply with PLRA's exhaustion requirements is of no consequence to the issue before this Court. *See Wyatt v. Leonard*, 193 F.3d 876, 879-80 (6th Cir. 1999) (a district court lacks discretion to waive the exhaustion requirement). Thus, plaintiff's objection to Magistrate Judge's recommendation that his claims based on Grievance Numbers 06-05-006 and 05-05-004 be dismissed is without merit.

### 3. Plaintiff's Motion for Default Judgment

Plaintiff moved for default judgment against defendants King, Rosieo and Sayer based on the argument that these three defendants did not timely respond to the *Complaint*. In addition to noting that plaintiff had not followed proper procedures under Rule 55 of the Federal Rules of Civil Procedure, Magistrate Judge recommended denial of plaintiff's motion for default because defendants King and Rosieo had not been properly served and therefore were not required to respond to the *Complaint* and because defendant Sayer timely responded to the *Complaint*. *Report and Recommendation* at 15-17.

In *Plaintiff's Objections*, he argues that he is a *pro se* litigant and that his failure to follow proper procedures should be excused. Additionally, plaintiff argues that defendant King had been properly served. Neither of these arguments is meritorious.

As proof of service of process on defendant King, plaintiff points to the original Marshal Service form requesting service on defendant King. However, the return of service actually filed by the Marshal's Service on August 16, 2005, indicates that defendant King was not successfully served. Doc. No. 9. Even if defendant King had in fact been properly served <u>and</u> even if plaintiff were permitted, based on his *pro se* status, to forgo compliance with the Federal Rules of Civil Procedure, he is still not necessarily entitled to default judgment. As Magistrate Judge correctly set out in the *Report and Recommendation*:

> A motion for default judgment is addressed to the court's discretion, and, the movant is not entitled to a default judgment as of right, even "when the defendant is technically in default." 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure §§ 2681, 2685. This Court's "starting point is the general rule that default judgments are

ordinarily disfavored." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (6th Cir. 1986). "Cases should be decided upon their merits whenever reasonably possible." *Id.* (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). "Indeed, [the United States Court of Appeals for the Sixth Circuit] has indicated a 'strong preference for trials on the merits.'" *United States v. Bridwell's Grocery and Video*, 195 F.3d 819, 820 (6th Cir. 1999) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)).

*Report and Recommendation* at 15-16. This Court concludes, as did the Magistrate Judge, that the denial of plaintiff's motion for default is an appropriate exercise of its discretion. Accordingly, plaintiff's objection to Magistrate Judge's recommendation that his motion for default be denied is not well-taken.

**WHEREUPON**, in light of the foregoing, *Defendant's Objections*, Doc. No. 34, and *Plaintiff's Objections*, Doc. No. 38, are both **OVERRULED** and the *Report and Recommendation*, Doc. No. 33, is hereby **ADOPTED AND AFFIRMED**.

Plaintiff's motion for default judgment, Doc. No. 28, is **DENIED**, defendants' motion to dismiss, Doc. No. 11, is **GRANTED** as to all defendants and claims except as to the claim based on Grievance No. 12-04-004 against defendant Hartford, and the motions to dismiss, Doc. Nos. 19 and 30, are **DENIED AS MOOT**.

**IT IS SO ORDRED.**

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Judge